USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/1/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                   :
HUBERT BLACKMAN,                                   :
                                                   :
                         Plaintiff,                :
                                                   :
        -against-                                  :
                                                   :
LAS VEGAS EXCLUSIVE PERSONALS,                     :
                                                   :
                         Defendant.                :
                                                   :
------------------------------------------------------------X

ORDER OF DISMISSAL

11 Civ. 0140 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

        Plaintiff, appearing *pro se*, brings this action, under 28 U.S.C. § 1332, alleging that

Defendant violated his rights.  The Court grants Plaintiff's request to proceed *in forma pauperis*

but dismisses the Complaint for the reasons set forth below.

### STANDARD OF REVIEW

        The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any

time pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss an *in forma pauperis*

complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141

F.3d 434, 437 (2d Cir. 1998).  While the law authorizes dismissal on any of these  grounds,

district courts "remain obligated to construe *pro se* complaints liberally."  Harris v. Mills, 572

F.3d 66, 72 (2d Cir. 2009).  Thus, *pro se* complaints should be read with "special solicitude" and

should be interpreted to raise the "strongest [claims] that they suggest."  Triestman v. Fed.

Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

### BACKGROUND

        Plaintiff alleges that, on December 17, 2010, he paid Defendant $275.00 for an escort.

He asserts that the escort performed an illegal sexual act on him causing him to risk being

arrested.  Plaintiff seeks the return of the $275.00 payment and $1.8 million in damages. Plaintiff also seeks to have this Court close Defendant's business.

## DISCUSSION

A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a "federal question" is presented (§ 1331) or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 (§ 1332).  "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'"  United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (quoting Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)).  The Court, on its own initiative, may question the assertion of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

Federal Question

Plaintiff's allegations do not suggest a basis for federal jurisdiction under 28 U.S.C. § 1331.  To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."  State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975).  Because Plaintiff's claims do not arise under a federal statute or the U.S. Constitution, this Court lacks federal question jurisdiction.

2

Diversity of Citizenship

Plaintiff's claims also fail with respect to the Court's diversity of citizenship subject matter jurisdiction.   In order to invoke jurisdiction under 28 U.S.C. § 1332, Plaintiff must first allege that he and Defendants are citizens of different states.   Diversity must be complete; in other words, "no plaintiff and no defendant [may be] citizens of the same State." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998).   In addition, Plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006); Chase Manhattan Bank, N.A. v. American Nat'l Bank & Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996).

In this action, Plaintiff indicates that he resides in New York, New York.  Plaintiff indicates that Defendant's business is located in Las Vegas, Nevada.  Plaintiff, however, has failed to allege to a "reasonable probability" that he has a cognizable claim in excess of $75,000. Therefore, as Plaintiff fails to demonstrate plausibly that his claims arise under the Court's diversity subject matter jurisdiction, his claims must be dismissed.

B.    Venue

Finally, to the extent Plaintiff seeks to assert claims regarding conduct that occurred in Las Vegas, Nevada, the Southern District of New York is not the appropriate court in which to bring these claims.  The relevant venue provision for a diversity action is found at 28 U.S.C. § 1391(a), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  As Las Vegas, Nevada is located in the District of Nevada, see 28 U.S.C. § 108, the United States District Court for the Southern District of New York is not the appropriate court in which to file these claims, see 28 U.S.C. § 1391(b).  If an action is filed with the wrong district court, a court

3

"shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This provision vests broad discretion with the court to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. As it would not be in the interest of justice to transfer these claims to the United States District Court for the District of Nevada, the claims are dismissed.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), reveals no basis for the exercise of subject matter jurisdiction over Plaintiff's suit, and therefore, must be dismissed. Fed. R. Civ. P. 12(h)(3).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

LORETTA A. PRESKA
Chief United States District Judge

Dated: FEB 01 2011
New York, New York

4